UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KaDarius Anderson,<br>Plaintiff,<br><br>v.<br><br>Smith & Associates, Inc.,<br>Defendant. | CASE NO: 2:24-cv-3426-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.;* for racial discrimination under Title VII of the Civil Rights Act of 1964; and the Americans with Disabilities Act (ADA).

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial and disability discrimination and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 26, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, KaDarius Anderson, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Smith & Associates, Inc., upon information and belief, is a domestic corporation organized and operating under the laws of South Carolina in this judicial circuit.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Americans with Disabilities Act.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Americans with Disabilities Act.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the Americans with Disabilities Act.

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

### STATEMENT OF FACTS

11. On or about May 4, 2023, the Plaintiff, an African American, began working for the Defendant as a helper. At all times, the Plaintiff was efficient and effective in his job.

12. During Plaintiff's employment with Defendant, Plaintiff had no write-ups or verbal or written counseling.

13. Beginning in or around May 2023, the Plaintiff began to be discriminated against and sexually harassed by Richard Parker, Project Manager, and Michael Walt, Supervisor.

14. Mr. Parker would make raciest comments to the Plaintiff, such as calling him "monkey."

15. On several occasions Mr. Parker would bring up the "KKK" and questions about the Black Panthers.

16. Mr. Walt would repeatedly call the Plaintiff "Big Dick Daddy" because Plaintiff is black. Mr. Parker even took Plaintiff's paycheck and rubbed it on his private parts in front of several co-workers.

17. The Plaintiff reported these racial discrimination and sexual harassment to William "Billy" Smith, Jr. Mr. Smith told the Plaintiff "Don't pay any attention to those guys, they have small dicks," and nothing was done.

18. The Plaintiff was also told by Mr. Parker that Mr. Parker should hold meetings, because the "niggers" never have their tools. Mr. Parker also stated that "I should have brought in the Mexicans because the blacks aren't worth a damn."

19. Plaintiff came to work on June 19, 2023, and Mr. Parker looked at Plaintiff and stated, "this is a black man's holiday, and a white man's workday. What are you doing at work?" Mr. Parker also stated, "only crackers work on this day."

20. The Plaintiff also informed Defendant upon hire that he needed special glasses while at work due to his poor vision, but Plaintiff was denied the proper eyewear for the job.

21. The Plaintiff reported the discrimination and sexual harassment to Mr. Smith and to a co-worker, Michael Burbage, but nothing was ever done.

22. After Plaintiff reported the discrimination and harassment, he was shorted on pay and hours.

23. Due to the discrimination and harassment Plaintiff endured at work, Plaintiff sought mental health treatment to deal with the ongoing discrimination and harassment.

24. On or about June 19, 2023, the Plaintiff was constructively discharged due to the ongoing racial and disability discrimination as well as the sexual harassment.

25. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment.

26. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disability discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and constructively discharged based on his race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

29. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on his race and/or color;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and constructively discharging those who were in a protected class.

30. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

31. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

32. The Plaintiff's race and/or color were determining factors in the disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's race and/or color, he would not have been constructively discharged.

33. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

34. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

36. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

37. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

38. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

39. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

40. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

41. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been discharged.

42. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

43. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

4

44. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

45. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

46. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

47. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Violation of Americans with Disabilities Act

48. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

49. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

50. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

51. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

52. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

53. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

54. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

55. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### Constructive Discharge

56. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

57. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

58. Plaintiff endured discrimination and harassment on a daily basis that constitutes an objectively intolerable working condition.

59. Due to the ongoing objectively intolerable discrimination and harassment, Plaintiff was forced to leave his employment with Defendant.

60. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

61. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

62. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

63. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

64. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Federal I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 10, 2024